UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-cv-24718-XXXX

GUILLERMO PEREZ and VICTOR
PEREZ,

    Plaintiffs,

vs.

MASTEC, INC., MASTEC NORTH
AMERICA, INC., and MASTEC SERVICES
COMPANY, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Guillermo Perez and Victor Perez hereby sue Defendants MasTec, Inc. ("MasTec"), MasTec North America, Inc. ("MNA"), and MasTec Services Company, Inc. ("MSC"), and allege as follows:

### JURISDICTION AND VENUE

1.    Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.    The Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

3.    Pursuant to 28 U.S.C. § 1391(b), venue lies in Miami-Dade County because a substantial part of the events giving rise to these claims occurred within this District.

### THE PARTIES

1

4. At all times material hereto, Plaintiffs resided in Florida.

5. MasTec, MNA, and MSC are Florida Profit Corporations that do business in Florida, have offices in Florida, and maintain agents in Florida.

6. MasTec, MNA, and MSC have interrelated operations, share common management, have centralized control of labor relations, or have common ownership or financial control, or some combination thereof. Thus, MasTec, MNA, and MSC are an integrated enterprise or employer as a matter of law. Each Defendant is a covered enterprise as a matter of law.

7. MasTec, MNA, and MSC share employees, interchange employees or exercise common control over employees, or some combination thereof, and work in the direct interest of one another. The related activities, performed through a unified operation and/or common control, are being done for a common business purpose. Thus, MasTec, MNA, and MSC are joint employers as a matter of law.

8. All conditions precedent have been performed or were waived or excused.

## NATURE OF THE CASE

9. This is a case about the failure to pay overtime wages.

10. MasTec, MNA, and MSC employed Plaintiffs, and their duties consisted primarily of installing home security systems for Defendants' customers.

11. Plaintiffs' normal shift typically began when they arrived to their first job and ended when they left their last job.

12. From 2015 through 2018, Plaintiffs worked on average approximately 60 hours per week, and sometimes worked more than 60 hours in a given week.

13. Supervisors, officers, and/or directors routinely instructed and even required

employees to underreport or inaccurately report the number of hours they worked, and certain individuals within the Defendant companies would edit the number of hours reported by employees in order to reduce the amount of overtime paid.

14. Plaintiffs were at various times on paid on a piece rate basis or hourly basis.

15. MasTec, MNA, and MSC also failed to count the time Plaintiffs spent on shift and in between jobs as part of their hours and therefore failed to pay them for all of the hours he worked.

16. MasTec, MNA, and MSC also failed to count the time Plaintiffs spent at required training sessions and required personnel meetings or performing other tasks as part of their hours and therefore failed to pay him for all of the hours he worked.

### COUNT I – FLSA VIOLATION PURSUANT TO 29 U.S.C. § 216
**(Against MasTec)**

17. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

18. At all times material hereto, Plaintiffs were covered employees under the FLSA.

19. MasTec was at all times material hereto engaged in interstate commerce.

20. The FLSA applies to MasTec's business activities and to Plaintiffs' work for MasTec in that both affected interstate commerce for the relevant time period.

21. MasTec operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

22. MasTec regularly employed two or more employees for the relevant time period

who handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce.

23. MasTec, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

24. The services performed by Plaintiffs affected interstate commerce.

25. Thus, MasTec was at all time material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

26. Plaintiffs were non-exempt employees of MasTec who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

27. MasTec had notice of, or had actual knowledge of, all of the hours worked by Plaintiffs, including any hours in excess of forty (40) per week.

28. MasTec failed to pay Plaintiffs at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

29. MasTec's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, MasTec acted in reckless disregard as to whether it was violating the FLSA.

30. Plaintiffs are entitled to liquidated damages.

31. Plaintiffs suffered damages as a result of MasTec's violations.

32. Plaintiffs have retained the undersigned law firm to represent them in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment decreeing that Defendant MasTec, Inc., willfully or intentionally violated

the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate.

## COUNT II – UNJUST ENRICHMENT
### (Against MasTec)

33. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

34. Plaintiffs plead this Count in the alternative.

35. Plaintiffs conferred a benefit upon MasTec, including, but not limited to, working in excess of forty (40) hours per week.

36. MasTec had knowledge of, and voluntarily accepted, Plaintiffs' services and the benefit conferred by Plaintiffs.

37. MasTec knew that they should have paid Plaintiffs 1.5 times their normal rate of pay for hours worked in excess of 40 hours.

38. MasTec was unjustly enriched by not paying Plaintiffs all compensation to which they were entitled.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment awarding damages, interest, and any additional relief deemed appropriate by the Court.

## COUNT III – QUANTUM MERUIT
### (Against MasTec)

39. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

40. Plaintiffs plead this Count in the alternative.

41. MasTec acquiesced in the provision of services by Plaintiffs.

42. MasTec was aware that Plaintiffs expected to be compensated.

43. MasTec failed to compensate Plaintiffs and was unjustly enriched thereby.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment awarding damages, interest, and any additional relief deemed appropriate by the Court.

### COUNT IV – FLSA VIOLATION PURSUANT TO 29 U.S.C. § 216
**(Against MNA)**

44. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

45. At all times material hereto, Plaintiffs was a covered employee under the FLSA.

46. MNA was at all times material hereto engaged in interstate commerce.

47. The FLSA applies to MNA's business activities and to Plaintiffs' work for MNA in that both affected interstate commerce for the relevant time period.

48. MNA operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

49. MNA regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce.

50. MNA, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and have otherwise engaged in interstate commerce.

51. The services performed by Plaintiffs affected interstate commerce.

52. Thus, MNA was at all time material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

53. Plaintiffs were non-exempt employees of MNA who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

54. MNA had notice of, or had actual knowledge of, all of the hours worked by Plaintiffs, including any hours in excess of forty (40) per week.

55. MNA failed to pay Plaintiffs at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

56. MNA's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, MNA acted in reckless disregard as to whether it was violating the FLSA.

57. Plaintiffs are entitled to liquidated damages.

58. Plaintiffs suffered damages as a result of MNA's violations.

59. Plaintiffs have retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment decreeing that Defendant MasTec North America, Inc., willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate.

### COUNT V – UNJUST ENRICHMENT
### (Against MNA)

60. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

61. Plaintiffs plead this Count in the alternative.

62. Plaintiffs conferred a benefit upon MNA, including, but not limited to, working in excess of forty (40) hours per week.

63. MNA had knowledge of, and voluntarily accepted, Plaintiffs' services and the benefit conferred by Plaintiffs.

64. MNA knew that it should have paid Plaintiffs 1.5 times his normal rate of pay for hours worked in excess of 40 hours.

65. MNA was unjustly enriched by not paying Plaintiffs all compensation to which they were entitled.

WHEREFORE Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment awarding damages, interest, and any additional relief deemed appropriate by the Court.

## COUNT VI – QUANTUM MERUIT
### (Against MNA)

66. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

67. Plaintiffs plead this Count in the alternative.

68. MNA acquiesced in the provision of services by Plaintiffs.

69. MNA was aware that Plaintiffs expected to be compensated.

70. MNA failed to compensate Plaintiffs and was unjustly enriched thereby.

WHEREFORE Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment awarding damages, interest, and any additional relief deemed appropriate by the Court.

## COUNT VII – FLSA VIOLATION PURSUANT TO 29 U.S.C. § 216
### (Against MSC)

71. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

72. At all times material hereto, Plaintiffs were covered employees under the FLSA.

73. MSC was at all times material hereto engaged in interstate commerce.

74. The FLSA applies to MSC's business activities and to Plaintiffs' work for MSC in that both affected interstate commerce for the relevant time period.

75. MSC operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

76. MSC regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce.

77. MSC, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and have otherwise engaged in interstate commerce.

78. The services performed by Plaintiffs affected interstate commerce.

79. Thus, MSC was at all time material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

80. Plaintiffs were non-exempt employees of MSC who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

81. MSC had notice of, or had actual knowledge of, all of the hours worked by Plaintiffs, including any hours in excess of forty (40) per week.

82. MSC failed to pay Plaintiffs at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

83. MSC's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, MSC acted in reckless disregard as to whether it was violating the FLSA.

84. Plaintiffs are entitled to liquidated damages.

85. Plaintiffs suffered damages as a result of MSC's violations.

86. Plaintiffs have retained the undersigned law firm to represent them in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment decreeing that Defendant MasTec Services Company, Inc., willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate.

## COUNT VIII – UNJUST ENRICHMENT
### (Against MSC)

87. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

88. Plaintiffs plead this Count in the alternative.

89. Plaintiffs conferred a benefit upon MSC, including, but not limited to, working in excess of forty (40) hours per week.

90. MSC had knowledge of, and voluntarily accepted, Plaintiffs' services and the benefit conferred by Plaintiffs.

91. MSC knew that it should have paid Plaintiffs 1.5 times their normal rate of pay for hours worked in excess of 40 hours.

92. MSC was unjustly enriched by not paying Plaintiffs all compensation to which he was entitled.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment in their favor awarding damages, interest, and any additional relief deemed appropriate by the Court.

### COUNT IX – QUANTUM MERUIT
### (Against MSC)

93. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth herein.

94. Plaintiffs plead this Count in the alternative.

95. MSC acquiesced in the provision of services by Plaintiffs.

96. MSC was aware that Plaintiffs expected to be compensated.

97. MSC failed to compensate Plaintiffs and was unjustly enriched thereby.

**WHEREFORE** Plaintiffs Guillermo Perez and Victor Perez respectfully request that the Court enter a judgment awarding damages, interest, and any additional relief deemed appropriate by the Court.

### DEMAND FOR JURY TRIAL

Plaintiffs Guillermo Perez and Victor Perez hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@rgmlawfirm.com
service@rgmlawfirm.com
RAMHOFER GARCIA & MOORE, PLLC
11900 Biscayne Blvd.
Suite 742

North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff*